**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Alfredo GALINDO–ARMENDARIZ,
Defendant—Appellant.**

No. 02–50548.

D.C. No. CR–02–01125–JNK.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 8, 2003.*

Decided Aug. 12, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before NOONAN, TALLMAN, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Alfredo Galindo–Armendariz appeals his conviction for importing a controlled substance, in violation of 21 U.S.C. §§ 952 and 960, and possessing marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Specifically, he challenges the admission of expert testimony, the admission of physical evidence obtained through a non-routine border search, and the district court's conclusion that 21 U.S.C.

§§ 841, 952, and 960 are constitutional. We affirm.

First, Galindo–Armendariz claims that the district court erred in admitting drug value and "veiled" drug organization structure testimony. We review a district court's decision to admit expert testimony for abuse of discretion. *United States v. Morales,* 108 F.3d 1031, 1035 (9th Cir. 1997).

In *United States v. Kearney,* 560 F.2d 1358, 1369 (9th Cir.1977), we held that the district court did not abuse its discretion in admitting evidence of the monetary value of drugs to show that a defendant intended to distribute the drugs and knew he possessed the drugs. Therefore, the district court did not abuse its discretion in allowing the drug value testimony.

Galindo–Armendariz also claims that Agent Bernard's drug value testimony was "inextricably intertwined" with impermissible drug structure testimony, which was unfairly prejudicial to him in violation of Federal Rule of Evidence 403. Drug structure testimony is testimony that describes the different roles played by various members of drug trafficking organizations, which implies that the defendant knew of the organization's operations and his role in it. *See United States v. Vallejo,* 237 F.3d 1008, 1017 (9th Cir.2001). Agent Bernard's testimony does not provide details regarding how the organization divides its responsibilities nor does it implicate Galindo–Armendariz as a member of such an organization.

Furthermore, this testimony does not violate Rule 403. We have allowed the use of expert testimony of "general practices of criminals" to establish a defendant's modus operandi. *United States v. Vallejo,* 237 F.3d 1008, 1016 (9th Cir.2001). Agent

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Bernard's testimony did not address any specific aspect relating to Galindo–Armendariz's conduct. Therefore, the district court did not abuse its discretion.

 Second, Galindo–Armendariz claims that the district court should have suppressed the physical evidence found in the gas tank because there was no reasonable suspicion to search the gas tank. We must examine the " 'totality of the circumstances' of each case to see whether the detaining officer ha[d] a 'particularized and objective basis' for suspecting legal wrongdoing." *United States v. Arvizu*, 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002) (citation omitted). Here, Galindo–Armendariz's nervousness (his shaking hand, his failure to maintain eye contact, and his rapid gum chewing), the "solid sound" observed during Customs Inspector Samuel Vega's gas tank tap test, the unnaturally clean appearance of the area surrounding the gas tank, and the narcotic detector dog's alert to the gas tank, provided ample reasonable suspicion to search Galindo–Armendariz' gas tank.

Last, Galindo–Armendariz claims that the drug statutes under which he was convicted, 21 U.S.C. §§ 841, 952,[1] and 960, are unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Galindo–Armendariz's argument is foreclosed by *United States v. Hernandez*, 322 F.3d 592, 601 (9th Cir.2003).

AFFIRMED.

---

1. Galindo–Armendariz's challenge to Section 952 is inapplicable under *Apprendi* because that statute contains no facts that would cause the penalty to increase beyond the prescribed maximum sentencing range. Section 952 outlines the elements of and exceptions to the offense of importing a controlled substance. 21 U.S.C. § 952 (2003). It does not address penalties at all. Therefore, we only consider the constitutionality of Sections 841 and 960.